# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **MICHAEL EARL DAVIS,** ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. 3:16-cv-00872 |
| ) | Judge Aleta A. Trauger |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM

Before the court is the Motion Under 28 U.S.C. § 2255 (Doc. No. 1), filed *pro se* by movant Michael Earl Davis. Davis seeks to vacate the sentence entered upon his 2007 criminal conviction in *United States v. Davis*, No. 3:07-cr-00068 (M.D. Tenn. Aug. 31, 2007) (Judgment, Doc. No. 25) (Campbell, J.),[1] under *Johnson v. United States*, 135 S. Ct. 2551 (2015). For the reasons set forth herein, the motion will be denied.

## I. PROCEDURAL BACKGROUND

On June 8, 2007, Davis waived indictment and pleaded guilty before now-retired Judge Todd Campbell to two charges set forth in a Superseding Felony Information: (1) being a previously convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924; and (2) knowingly using, carrying and brandishing a firearm during and in relation to a crime of violence, specifically armed robbery as defined in 18 U.S.C. § 1951, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Crim. Doc. Nos. 16, 18, 20.)

Pursuant to the written Plea Agreement under Rule 11(c)(1)(C) of the Federal Rules of

---

[1] References to the criminal case record will hereafter be designated as "Crim. Doc. No. __."

Criminal Procedure, Davis acknowledged that he qualified for sentencing under the Armed Career Criminal Act ("ACCA" or the "Act"), 18 U.S.C. § 924(e), and that he faced a mandatory minimum sentence of fifteen years under the Act on Count One of the Superseding Information. (Doc. No. 20, ¶ 4.) He also acknowledged his understanding that pleading guilty to Count Two entailed a mandatory minimum consecutive sentence of seven years. (*Id.*)

The predicate felonies that resulted in the movant's qualifying as an Armed Career Criminal under the ACCA were identified in the Plea Agreement as including convictions under Tennessee law on five counts, in three separate cases, of Aggravated Robbery. (*Id.* ¶ 11.a.1.) The Plea Agreement also detailed the facts supporting Count Two. As relevant here, the defendant pleaded guilty to pulling a black revolver out from under his shirt and demanding all of the money in the cash register at a Discount Tobacco Outlet located on South Gallatin Pike in Nashville, Tennessee. (*Id.* ¶ 9.b.)

The parties agreed that a specific sentence of imprisonment—300 months—was appropriate in this case, as follows:

> Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, . . . [t]he specific sentence to which the parties agree is a term of imprisonment of 216 months for Count One. The defendant shall be sentenced to a consecutive term of imprisonment of 84 months for Count Two, for a total of 300 months. As described in Paragraph 11.c., regardless of whether defendant is found to be an Armed Career Criminal or a Career Offender under the U.S.S.G., the agreed term of imprisonment of 300 months falls within either of the applicable sentencing ranges.

(*Id.* ¶ 12.)

In addition, Davis specifically waived his right to appeal or to bring a collateral challenge to his sentence under § 2255:

> Defendant further understands that he is waiving all appellate rights that might have been available if he had exercised his right to go to trial. It is further agreed that defendant will not file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, a sentence of a term of

>   imprisonment of 300 months. Such waiver does not apply, however, to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel.

(*Id.* ¶ 18.)

Following the court's acceptance of his plea, Davis was sentenced on August 31, 2007 to the agreed-upon sentence of 216 months on Count One and 84 months on Count Two, for a total sentence of 300 months. (Crim. Doc. No. 25, at 2.) Judgment was entered that day. Davis did not appeal his conviction or sentence.

He filed his *pro se* § 2255 motion to vacate on May 9, 2016, citing *Johnson*. (Doc. No. 1.) The court appointed counsel and directed supplemental briefing of the motion. Appointed counsel filed a supplemental brief (Doc. No. 9), to which the government responded (Doc. No. 14), and the movant, through counsel, filed a Reply (Doc. No. 17).

## II. LEGAL FRAMEWORK

### A. 28 U.S.C. § 2255

The movant brings this action under 28 U.S.C. § 2255. Section 2255 provides a statutory mechanism for challenging the imposition of a federal sentence:

>   A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In order to obtain relief under § 2255, a petitioner "'must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).

If a factual dispute arises in a § 2255 proceeding, the court is to hold an evidentiary

hearing to resolve the dispute. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). An evidentiary hearing is not required, however, if the record conclusively shows that the petitioner is not entitled to relief. 28 U.S.C. § 2255(b); *Ray*, 721 F.3d at 761; *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). A hearing is also unnecessary "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Id.*

Having reviewed the pleadings, briefs, and records filed in the movant's underlying criminal case, as well as the filings in this case, the court finds it unnecessary to hold an evidentiary hearing to resolve Davis's claims.

### B. The ACCA and *Johnson v. United States*

18 U.S.C. § 922(g)(1) makes it unlawful for a previously convicted felon to possess any firearm or ammunition that has been transported in interstate commerce. The ACCA, 18 U.S.C. § 924(e), mandates a minimum sentence of fifteen years for any person convicted under § 922(g)(1) who has "three previous convictions . . . for a violent felony or a serious drug offense."

Section 924(e)(2)(B) defines "violent felony" as follows:

(2) As used in this subsection—

\* \* \*

(B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

The first prong of that definition, § 924(e)(2)(B)(i), is known as the "use-of-force" clause. *Davis v. United States,* 900 F.3d 733, 735 (6th Cir. 2018), *cert. denied*, No. 18-6706, 2019 WL

1318598 (Mar. 25, 2019). The second prong, § 924(e)(2)(B)(ii), is itself split into two clauses. The first part, listing burglary, arson, extortion, or an offense involving the use of explosives, is known as the "enumerated-offense clause," and the second part ("conduct that presents a serious potential risk of physical injury to another") is known as the "residual clause." *Id.*

In *Johnson v. United States*, the Supreme Court invalidated the residual clause as unconstitutionally vague under the Due Process Clause of the Fifth Amendment. *Johnson*, 135 S. Ct. at 2563. The Supreme Court subsequently recognized that *Johnson* had announced a new substantive rule that has retroactive effect in cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

### III. ANALYSIS

In his motion and supplemental motion, Davis argues both that his sentence under the ACCA for being a felon in possession of a firearm, as charged in Count One, is unconstitutional under *Johnson* and also that his sentence on Count Two for knowingly using, carrying and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c), contravenes *Johnson*.

In response, the government argues that (1) Davis waived his right to challenge his 300-month sentence in his Rule 11(c)(1)(C) plea agreement; (2) even if he had not, *Johnson* does not afford relief, because Davis has five predicate violent felonies, none of which falls within the "residual clause" of the ACCA; and (3) his conviction under 18 U.S.C. § 924(c) remains valid, because the Sixth Circuit continues to recognize that robbery in violation of 18 U.S.C. § 1951 is a crime of violence.

#### A. Waiver

The Sixth Circuit has long held that the knowing and voluntary waiver of a collateral attack is enforceable, including plea agreement waivers of § 2255 rights. *See, e.g.*, *Davila v.*

*United States*, 258 F.3d 448, 451 (6th Cir. 2001) ("It is well settled that a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement," including the right to the effective assistance of counsel, so long as the defendant "enter[s] into the waiver agreement knowingly, intelligently, and voluntarily."). It is equally clear that "a change in the law does not render a plea agreement unknowing." *United States v. Morrison*, 852 F.3d 488, 490 (6th Cir. 2017); *see id.* at 491 (noting that, "after the Supreme Court voided for vagueness the 'residual clause' in the ACCA's definition of 'violent felony,' courts routinely enforced the appeal waivers of prisoners who stood to benefit." (internal citation omitted)).

Even more specifically, the waiver of a right to bring a § 2255 collateral challenge to a defendant's sentence based on *Johnson* is valid, so long as it is knowing and voluntary. *See Slusser v. United States*, 895 F.3d 437 (6th Cir. 2018) (affirming the dismissal of a *Johnson*-based § 2255 motion based on a knowing and voluntary waiver in a plea agreement and rejecting the argument that the sentence was in excess of the statutory maximum on the same grounds), *reh'g en banc denied* (Aug. 22, 2018), *cert. denied* (March 4, 2019); *see also In re Garner*, 664 F. App'x 441, 443-44 (6th Cir. 2016) (denying authorization to file a successive § 2255 petition raising a *Johnson*-based challenge to the analogous provision in the U.S.S.G. because the movant had waived his right to pursue such a § 2255 claim in his plea agreement).

As the Sixth Circuit explained in *Slusser*, "[a] voluntary plea agreement 'allocates risk,' and '[t]he possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements.'" *Slusser*, 895 F.3d at 440 (quoting *Morrison*, 852 F.3d at 490). "By waiving the right to appeal, a defendant assumes the risk that a shift in the legal landscape may engender buyer's remorse." *Morrison*, 852 F.3d at 490 (citation omitted). "The subsequent developments in this area of the law do[] not suddenly make [his] plea involuntary or unknowing or otherwise undo its binding nature." *Slusser*, 895 F.3d at 440 (citation and internal

quotation marks omitted).[2]

In this case, Davis argues that his waiver of his right to bring a § 2255 challenge to his sentence is not binding because it was not "knowing" and because he cannot waive the ability to challenge a sentence that exceeds the statutory maximum. These arguments are directly foreclosed by *Slusser*. The only basis for Davis's claim that his waiver was not knowing is that he did not anticipate *Johnson*, but a subsequent change in the law does not render a waiver unknowing. *Slusser*, 895 F.3d at 440.

The record establishes that the Plea Agreement's waiver of the right to bring a § 2255 challenge to Davis's sentence was knowing and voluntary. This waiver bars relief in this case and requires denial of Davis's motion.

### B. *Johnson* Does Not Apply to Davis's ACCA Conviction

Davis concedes that the Sixth Circuit has recognized that robbery as defined by Tennessee law has an element of force and, consequently, does not fall within the scope of *Johnson*. (*See* Doc. No. 9, at 7–8 (citing *United States v. Mitchell*, 743 F.3d 1054, 1058–60 (6th Cir. 2014)).) He merely seeks to preserve this issue for appeal. (*Id.* at 8.)

Since briefing in this case concluded, the Sixth Circuit has reaffirmed *Mitchell* and, further, noted that the Supreme Court has recently recognized that robbery under Florida law is a crime of violence under the ACCA. *United States v. Porter*, No. 18-5765, 2019 WL 1499860, at *1 (6th Cir. April 4, 2019) (citing *Stokeling v. United States*, 139 S. Ct. 544 (2019)). This court finds, based on binding Sixth Circuit precedent, that Davis would not be entitled to resentencing

---

[2] The defendant cites *United States v. McBride*, 826 F.3d 293, 295 (6th Cir. 2016), as holding that a defendant can abandon only "known right[s]" and "could not have intentionally relinquished a claim based on *Johnson*, which was decided after his sentencing." Although the Sixth Circuit made those statements in *McBride*, it went on to conclude that the defendant's sentence was valid under a plain-error review. *Id.* at 296 (affirming judgment and sentence). *McBride*'s determination that a defendant could not waive a *Johnson* claim appears to be dicta, and subsequent panels have uniformly enforced waivers of *Johnson* claims.

under *Johnson,* even if he had not waived his ability to bring his § 2255 motion.

## C. Hobbs Act Robbery Is a Crime of Violence

The defendant also argues that *Johnson* applies to § 924(c) claims. In Count Two of the superseding information, Davis was charged with using, carrying, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The specific crime of violence identified in the charge was the armed robbery of the Discount Tobacco Outlet on Gallatin Pike, during which Davis brandished a firearm, which constituted a violation of 18 U.S.C. § 1951, also known as the Hobbs Act. Davis was not actually charged with a separate Hobbs Act violation.

The government argues that *Johnson* does not apply to § 924(c) and that, even if it does, the Sixth Circuit and numerous other courts have held that a Hobbs Act robbery is a crime of violence for purposes of § 924(c). The government is correct. Regardless of whether *Johnson* applies to this claim, a Hobbs Act robbery qualifies as a crime of violence. *United States v. Gooch*, 850 F.3d 285, 291–92 (6th Cir. 2017) (concluding that Hobbs Act robbery is a crime of violence under § 924(c)(3)(A)), *cert. denied*, 137 S. Ct. 2230 (2017). Thus, even if there were no waiver, Davis would not be entitled to relief based on this claim.

## IV. CONCLUSION

Davis waived his ability to bring this § 2255 motion challenging his sentence by entering a plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. His motion will be denied on that basis. Even if he had not waived his rights, his motion is substantively without merit.

Rule 22 of the Federal Rules of Appellate Procedure provides that an appeal of the denial of a § 2255 motion may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2255 Proceedings requires that a district

court issue or deny a COA when it enters a final order. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the court finds that Davis's claims do not warrant further attention, the court will deny a COA.

An appropriate Order is filed herewith.

ENTER this 9th day of April 2019.

_____
ALETA A. TRAUGER
United States District Judge